THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C&C OFFSET PRINTING CO. (USA), INC., | CASE NO. C20-0556-JCC |
| Plaintiff, | ORDER |
| v. | |
| LONE PINE PUBLISHING COMPANY, | |
| Defendant, | |
| and | |
| AMAZON.COM, INC., | |
| Garnishee. | |

This matter comes before the Court on Lone Pine Publishing, Inc.'s motion to quash a writ of garnishment (Dkt. No. 4). Having considered the parties' briefing and the relevant record, the Court finds hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

On October 22, 2014, Plaintiff sued a "Canadian corporation," which Plaintiff called "Lone Pine Publishing Company," in federal court in Oregon. (Dkt. No. 11-1 at 2.) In the suit, Plaintiff alleged that it agreed to print materials for the corporation but that the corporation did not pay Plaintiff after Plaintiff delivered the materials. (*See id.* at 3–5.) The corporation failed to

ORDER
C20-0556-JCC
PAGE - 1

respond to Plaintiff's suit. (*See* Dkt. No. 11-4 at 18.) Accordingly, the district court entered default judgment against the corporation in the amount of $98,808.99. (*Id.* at 21.) On April 25, 2016, Plaintiff registered the judgment in the Western District of Washington. (Dkt. No. 1 at 1.)

On August 2, 2019, Plaintiff applied in the Western District of Washington for a writ of garnishment against Amazon.com, Inc. for debts that Amazon allegedly owed to "Lone Pine Publishing Company"—the Canadian corporation named in Plaintiff's 2014 lawsuit. *See C&C Offset Printing Co. (USA), Inc., v. Lone Pine Publishing Co.*, Case No. C19-0102-RSL, Dkt. No. 1 at 1–2 (W.D. Wash. 2019). The application stated that Plaintiff had obtained a default judgment against the corporation, that the corporation had not satisfied the judgment, and that Plaintiff had reason to believe that Amazon was indebted to the corporation. (*See id.*) The court granted the application and issued a writ against Amazon. *See C&C Offset Printing*, Case No. C19-0102-RSL, Dkt. Nos. 2–3. Amazon answered the writ by stating that it was holding roughly $9,500 that it owed—one would assume—to the corporation. *See C&C Offset Printing*, Case No. C19-0102-RSL, Dkt. No. 6 at 1. As it turns out, Amazon did not owe anything to a Canadian corporation called Lone Pine Publishing Company; it owed money to Lone Pine Publishing, Inc., a Washington corporation based in Auburn. (*See* Dkt. Nos. 5 at 2, 6 at 1–2.) Unaware of the confusion, the district court entered a judgment against Amazon, directing Amazon to pay Plaintiff the $9,500 it ostensibly held on behalf of "Lone Pine Publishing Company." *See C&C Offset Printing*, Case No. C19-0102-RSL, Dkt. No. 11 at 2.

On March 6, 2020, Plaintiff again applied in the Western District of Washington for a writ of garnishment against Amazon for debts that Amazon allegedly owed to "Lone Pine Publishing Company." (Dkt. No. 1 at 1.) Like last time, Amazon answered by stating that it was holding money it ostensibly owed to "Lone Pine Publishing Company." (Dkt. No. 5 at 1.) But unlike last time, Lone Pine Publishing, Inc. now moves to quash, explaining that Lone Pine Publishing Company is really Lone Pine Media Productions, Ltd., a Canadian corporation that does business as Lone Pine Publishing; that Lone Pine Media Productions, Ltd. does not have

any contracts with Amazon; and that Amazon has erroneously frozen Lone Pine Publishing, Inc.'s accounts receivable even though Plaintiff does not have a judgment against Lone Pine Publishing, Inc. (*See* Dkt. No. 4 at 1–3.) Plaintiff opposes the motion, arguing that although it has no judgment against Lone Pine Publishing, Inc., it should still be able to garnish money that Amazon owes to Lone Pine Publishing, Inc. (*See* Dkt. No. 9 at 1.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 69 governs the enforcement of a money judgment registered in the court in which enforcement is sought.[1] *See Labertew v. Langemeier*, 846 F.3d 1028, 1032 (9th Cir. 2017). The rule says that the procedure for executing a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Thus, to determine the procedure for executing Plaintiff's judgment against Lone Pine Publishing Company, the Court must turn to Washington law. *See Labertew*, 846 F.3d at 1032 (noting that Rule 69 applies to "such supplementary proceedings as garnishment"). Under Washington law, "a creditor has no greater rights to a fund than his debtor, and if the debtor cannot recover an alleged debt in an action against a garnishee defendant, his creditor is under similar disability." *Yakima Adjustment Service, Inc. v. Durand*, 622 P.2d 408, 411 (Wash. Ct. App. 1981). In other words, a creditor cannot garnish property that does not belong to the debtor. *See id.*

This common-sense rule precludes Plaintiff from garnishing the money that Amazon owes to Lone Pine Publishing, Inc. As Plaintiff admits, Plaintiff does not have a judgment against Lone Pine Publishing, Inc.; Plaintiff has a judgment against Lone Pine Publishing Company. (*See* Dkt. No. 9 at 4) (acknowledging that "Plaintiff filed suit against Lone Pine Publishing Company"). Or at least, that is the name Plaintiff used for the company in its

---

[1] Lone Pine Publishing, Inc. cites Rule 64(a) as relevant to its motion. Rule 64(a) relates to "secur[ing] satisfaction of a *potential* judgment." *See* Fed. R. Civ. P. 64(a) (emphasis added). The rule is not relevant to the enforcement of a judgment that has already been issued. *See Labertew v. Langemeier*, 846 F.3d 1028, 1033–34 (9th Cir. 2017).

complaint. (*See* Dkt. No. 11-1 at 2.) Lone Pine Publishing Company's real name is Lone Pine Media Productions, Ltd., and the company does business as Lone Pine Publishing, which may be why Plaintiff named Lone Pine Publishing "Company" as the defendant in its Oregon lawsuit.[2] (*See* Dkt. Nos. 5 at 2, 14-1 at 2–3). Lone Pine Publishing, a.k.a. Lone Pine Media Productions, Ltd., does not have any contracts with Amazon, and it does not have any right to the $11,161.07 that Amazon is currently holding. (*See* Dkt. Nos. 5 at 2, 6 at 1.) Accordingly, Plaintiff cannot garnish that $11,161.07. *See Yakima Adjustment Service*, 622 P.2d at 411.

Although Plaintiff acknowledges that Amazon does not owe the $11,161.07 to the company against which Plaintiff has a judgment, Plaintiff nevertheless contends that it can garnish that money for two reasons. First, Plaintiff asserts that Lone Pine Publishing, Inc. is barred from objecting to the garnishment under the doctrine of claim preclusion. (*See* Dkt. No. 9 at 2–3.) Second, Plaintiff argues that "Lone Pine Publishing Company [the defendant] and Lone Pine Publishing, Inc. [whose account was garnished] hold themselves out as being the same company." (*See id.* at 5–6.) Neither argument has merit.

**A.   Claim Preclusion**

Claim preclusion, or *res judicata*, bars a party from litigating a claim or defense that was or should have been litigated in a prior proceeding. *See Kuhlman v. Thomas*, 897 P.2d 365, 368

---

[2] Plaintiff insists that it sued Lone Pine Publishing Company, not Lone Pine Media Productions, Ltd. (*See* Dkt. No. 9 at 3–4.) Plaintiff is correct in that it named Lone Pine Publishing Company as the defendant in its Oregon lawsuit. But Plaintiff fails to realize that Lone Pine Publishing Company and Lone Pine Media Productions, Ltd. are one and the same. As Shane Kennedy, the President of Lone Pine Media Productions, Ltd., explains in a declaration made under penalty of perjury, Lone Pine Media Productions, Ltd. does business as Lone Pine Publishing. (*See* Dkt. No. 5 at 1–2.) Lone Pine Publishing contracted with Plaintiff—a fact confirmed by the quotations Plaintiff sent to "Lone Pine Publishing" at Lone Pine Publishing's Edmonton office in Alberta, Canada. (*See id.* at 1–2; Dkt. No. 11–2 at 2.) Plaintiff subsequently sued Lone Pine Publishing under its trade name while adding "Company" to the end of that name. (*See* Dkt. Nos. 5 at 2, 11-1 at 2.) Plaintiff then served Mr. Kennedy with a summons that listed him as the "President" of "Lone Pine Publishing Company." (Dkt. No. 11-4 at 11.) Given Mr. Kennedy's declaration—the same Mr. Kennedy that Plaintiff served—it is perplexing that Plaintiff continues to insist that it did not sue Lone Pine Media Productions, Ltd. It did.

(Wash. Ct. App. 115).[3] For claim preclusion to apply, the prior proceeding must have culminated in a final judgment on the merits. *See Schoeman v. N.Y. Life Ins. Co.*, 726 P.2d 1, 3 (Wash. 1986). In addition, the prior proceeding must be identical to the current proceeding in four respects: "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Id.* In this case, Plaintiff's prior garnishment action culminated in a final judgment, but that action is not identical to Plaintiff's present garnishment action. Consequently, claim preclusion does not apply.

### 1. Final Judgment on the Merits

Plaintiff's prior garnishment action culminated in a final judgment for the purposes of claim preclusion. The action ended with the court issuing a judgment against Amazon, the garnishee defendant, in the sum of $9,520.62. *C&C Offset Printing*, Case No. C19-0102-RSL, Dkt. No. 12 at 1. Under Washington law, such judgments are no different than any other: they can be appealed, and they are "res adjudicata as to all issues there determined." *Tatum v. Geist*, 82 P. 902, 903 (Wash. 1905); *see also Watkins v. Peterson Enters., Inc.*, 973 P.2d 1037, 1043 (Wash. 1999) ("[G]arnishment is [a] distinct suit involving pleadings and requiring judgment to which statutes relating to change of venue and appeals apply."). Consequently, the threshold requirement for claim preclusion is met. *See Schoeman*, 726 P.2d at 3.

### 2. Subject Matter

Although Plaintiff's prior garnishment action culminated in a final judgment, the action did not involve the same subject matter as the present action. This very issue was, in fact,

---

[3] Federal common law governs the claim-preclusive effect of an order issued by a federal court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). In this case, the parties assume that federal common law would require the Court to look to Washington law to determine the claim preclusive effect of the judgment issued in Plaintiff's first garnishment action. (*See* Dkt. Nos. 9 at 3, 13 at 2.) The Court need not decide if the parties are correct because the result would be the same under either Washington's claim preclusion rules or the federal rules. *See Kuhlman*, 897 P.2d at 368 n.3 (noting that the Washington test and federal test are similar and concluding the outcome would be the same under either test).

decided already by the Washington Supreme Court in *Tatum v. Geist*, 92 P. 902, 904 (Wash. 1905). In *Tatum*, the court explained that garnishment actions in Washington are a mechanism through which a creditor may obtain the debt a garnishee defendant owes to a debtor at the time the writ of garnishment is served. *See id.* at 903. If a creditor wishes to garnish debts from the garnishee defendant that the garnishee defendant acquires after it discharges the judgment from the first garnishment action, the creditor must bring a second garnishment action. *See id.* That second action is independent of the first and relates to a "different subject matter and different issues"—namely, the debt the garnishee owes to the debtor at the time the second writ is served. *See id.* Because the two actions involve different subject matter and issues, claim preclusion does not apply.[4] *See id.* That result holds true here: Plaintiff's first action was for the money Amazon owed to "Lone Pine Publishing Company" as of August 2019, *see C&C Offset Printing*, C19-0102-RSL, Dkt. No. 1 at 1–2, and the present action is for the money Amazon currently owes to "Lone Pine Publishing Company," (*see* Dkt. No. 1 at 1–2).

    3. <u>Same Persons and Parties</u>

  Plaintiff's prior action also involved different parties than the present action. In the present action, Lone Pine Publishing, Inc. has intervened.[5] (*See* Dkt. No. 4.) In the prior action,

---

[4] *Tatum* explained its holding as follows:

> [T]he second writ will only have the same operation as the first, viz., to bring within the jurisdiction of the court indebtedness due from the garnishee to the defendant or effects in the hands of the garnishee belonging to the defendant at the time of the service of the second writ, or thereafter until final judgment on the second writ. In other words, the proceedings under the second writ are to all intents and purposes independent of the proceedings under the first. There is a different subject matter and different issues. True, the judgment on the first writ would be res adjudicata as to all issues there determined, but it would have no other or further effect.

82 P. at 903.

[5] Lone Pine Publishing, Inc. was not named as a party in Plaintiff's second application for writ of garnishment. (*See* Dkt. No. 1 at 1) (naming "Lone Pine Publishing Company" as the debtor). Consequently, Lone Pine Publishing, Inc. should have filed a motion to intervene under Federal Rule of Civil Procedure 24(a). Lone Pine Publishing, Inc. instead filed a motion to quash and a notice of appearance. (*See* Dkt. Nos. 4, 7). Given the strange nature of this case, the Court will

by contrast, Lone Pine Publishing, Inc. did not intervene and was not named as a party in Plaintiff's application for a writ of garnishment. *See C&C Offset Printing*, C19-0102-RSL, Dkt. No. 1 at 1–2. Consequently, Lone Pine Publishing, Inc. was not a party to the prior action. It was, at most, the action's inadvertent victim.

### 4. Conclusion

Given that Plaintiff's prior garnishment action involved a different subject matter and different parties than the present action, claim preclusion does not apply. *See Schoeman*, 726 P.2d at 3. This result makes sense. Plaintiff's argument is, essentially, that because it successfully garnished $9,500 from the wrong company in a prior action, it should be able to garnish from that company the entire judgment that Plaintiff was awarded against a different company. That argument is wrong.

### B.   Piercing the Corporate Veil

Charitably construed, Plaintiff's second argument appears to be that the Court should pierce the corporate veil and hold Lone Pine Publishing, Inc. liable for the corporate debts of Lone Pine Media Productions, Ltd. (*See* Dkt No. 9 at 6–7.) Plaintiff cites no legal authority to support its argument, and veil piercing is unwarranted. (*See id.*) Veil piercing is appropriate if (1) a person or entity intentionally uses the corporate form to violate or evade a duty and (2) disregarding the corporate form is necessary to prevent an injustice. *See Meisel v. M&N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982). "Typically, the injustice which dictates a piercing of the corporate veil is one involving fraud, misrepresentation, or some form of

---

excuse Lone Pine Publishing, Inc.'s understandable error. To erase any doubt, the Court hereby GRANTS Lone Pine Publishing, Inc. permission to intervene as of right. *See* Fed. R. Civ. P. 24(a). The Court also notes that Bryan C. Graff and Madeline S. Davis filed a notice of appearance on behalf of defendant Lone Pine Publishing Company. (*See* Dkt. No. 7 at 1.) This notice appears to be in error, as those attorneys seem to be representing Lone Pine Publishing, Inc., not Lone Pine Publishing Company. (*See* Dkt. No. 4 at 1.) Assuming the Court is correct, the Court ORDERS Lone Pine Publishing, Inc.'s attorneys to file a corrected notice of appearance clarifying that they represent Lone Pine Publishing, Inc.

1  manipulation of the corporation to the stockholder's benefit and the creditor's detriment."
2  *Truckweld Equip. Co. v. Olson*, 618 P.2d 1017, 1021 (Wash. Ct. App. 1980). Here, Plaintiff has
3  neither demonstrated nor even alleged that Lone Pine Publishing, Inc. and Lone Pine Media
4  Productions, Ltd. used their corporate forms to violate or evade their duties; that disregarding
5  their corporate forms is necessary to prevent an unjustified loss; or that fraud or abuse occurred.
6  (*See* Dkt. No. 9 at 6–7.) At most, Plaintiff has shown that the two companies might be related.
7  (*See id.* at 6.) But the fact remains that the companies are distinct entities, and a mere
8  relationship between two companies does not render one company liable for the debts of the
9  other. *See Anderson v. Section 11, Inc.*, 626 P.2d 1027, 1029–30 (Wash. Ct. App. 1981).

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Lone Pine Publishing, Inc.'s motion to quash a writ of garnishment (Dkt. No. 4). The Court also AWARDS Lone Pine Publishing, Inc. the reasonable attorney fees and costs that it incurred in connection with the motion. *See* Wash. Rev. Code § 6.27.230 (requiring an award of attorney fees and costs to the prevailing party in a controverted garnishment action). The Court ORDERS Lone Pine Publishing, Inc. to file a motion for attorney fees within 21 days of the date this order is issued. The Court further ORDERS Bryan C. Graff and Madeline S. Davis to file a corrected notice of appearance clarifying that they represent Lone Pine Publishing, Inc. The Court also DIRECTS the Clerk to amend the docket to reflect that Lone Pine Publishing, Inc. is a separate and distinct party from Lone Pine Publishing Company and that Lone Pine Publishing, Inc. has intervened in this action.

DATED this 1st day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE